```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MUNIAUCTION, INC., d/b/a          )
Grant Street Group, Inc.,         )
          Plaintiff,              )
                                  )
     v.                           )  Civil Action No. 01-1003
                                  )
THOMSON CORPORATION, t/d/b/a      )
Thomson Financial and/or          )
Thomson Financial Municipals      )
Group and i-DEAL, INC.,           )
          Defendants.             )
```

**ORDER OF JURY SELECTION PROCEDURE**

Once the jury panel has been placed in the courtroom, the Deputy Clerk will administer the following oath to the panel, en banc:

> "You and each of you do solemnly swear and affirm that any statement you make in this room in the cause now trying shall be the truth, the whole truth, and nothing but the truth, and you do so under the pains and penalties of perjury."

Once the oath has been administered, the Courtroom Deputy will then address the panel as follows:

1. "The caption of this case is <u>Muniauction, Inc., d/b/a Grant Street Group, Inc. v. Thomson Corporation, t/d/b/a Thomson Financial and/or Thomson Financial Municipals Group and i-Deal, LLC</u> at Civil Action No. <u>01-1003</u>. Do any of you know anything about this case?"

2. "The PLAINTIFF in this case is <u>Muniauction, Inc., d/b/a Grant Street Group, Inc.</u>. Are any of you, or any member of your immediate family, an employee, former employee, or shareholder in <u>Muniauction, Inc., d/b/a Grant Street Group, Inc.</u>?"

3. "The DEFENDANTS in this case are <u>Thomson Corporation, t/d/b/a Thomson Financial and/or Thomson Financial Municipals Group and i-Deal, LLC</u>. Are any of you, or any member of your immediate family, an employee, former employee, or shareholder in either of <u>Thomson Corporation, t/d/b/a Thomson Financial and/or Thomson Financial Municipals Group or i-Deal, LLC</u>?"

4. "The PLAINTIFF is represented by Attorneys <u>Raymond P. Niro, Paul K. Vickrey, John C. Janka, Sally J. Wiggins, William W. Flachsbart, Douglas M. Hall and David J. Mahelek of the law firm of Niro, Scavone, Haller and Niro</u> and Attorney <u>John E. Hall of the law firm of Eckert, Seamans, Cherin & Mellott</u>."

5. "The DEFENDANTS are represented by Attorneys <u>James L. Quarles, III, William G. McElwain, James L. Dowd, Timothy Jezek, Daniel Zibel and C. Colin Rushing of the law firm of Wilmer, Cutler, Pickering, Hale and Dorr</u> and Attorney <u>Steven M. Reinsel of the law firm of Leech, Tishman, Fuscaldo and Lampl</u>."

6. "Do any of you know these attorneys?  Have they, or any member of their firms, ever represented you or a member of your immediate family, if you know?"

7. "Do any of you have any difficulty in seeing or hearing, or understanding the English language, that would impair your full attention to the trial?"

8. "Do any of you take medication that might make you drowsy or prevent you from giving your full concentration during the course of this trial?"

9. "Do any of you have any physical problems that would make it difficult for you to sit as a juror in this case?"

10. "Witnesses in this case may be any or all of the following:

Steven Apfelbacher
Scott O. Bradner
Warren D. Briggs
Anne Butterworth
Laurence J. Chertoff
Iain Cockburn
Gary Brian Dockary
Irah H. Donner
Robert Faris
Lisa Gershowitz Flynn
Scott Ganales
John Steven Gardner
Mark Gleason
Myles Harrington
Paul Henningan
Cheryl Horowitz
David V. Landes
Anthony Drew Leyden
Joseph McGlynn
Jonathan Meyer
Girard Miller
Don O'Neill
Michael Olander
Laura Slaughter
Leonid Thenor
Daniel Veres
R. Brent Whisenant
Allen Williams

Do you know any of these witnesses?

After the above questions have been asked of the jury, en banc, the jurors will be seated in the jury box. A panel of 13 jurors will be seated in the courtroom. Individual voir dire will then begin in the jury deliberation room in the order in which the jurors were seated. Pursuant to Local Rule 47.1(C), the Courtroom Deputy will ask each juror the following:

1. "Where do you live (city and county only)?"

2. "What is your occupation and for whom do you work?"

3. "Are you married? If so, what is your spouse's occupation and for whom does he or she work?"

4. "Do you have any children? Are they in school or employed? If employed, for what do they do and for whom do they work?"

5. "Do you own or rent your current home?"

6. "Do you have an attorney? If so, what is your attorney's name? Have you ever had the occasion to use an attorney? If so, for what?"

7. "Have you ever been a party to a lawsuit?"

    (a) plaintiff or defendant?
    (b) type of lawsuit and result?
    (c) effect on jury service?

8. "What is your educational background?"

9. "Have you, or any adult living in your household, attempted to obtain a patent? If so, please describe. What was the subject matter of the patent?"

10. "Have you had any experience with patents, patent law, patented technology, licenses or patent lawsuits? If so, please describe."

11. "Do you own, or use a computer?"

12. "Have you used the internet, or the world wide web?"

13. "Do you, or anyone in your family, work in the computer industry?"

14. "Have any of the questions asked brought to your mind anything that you wish to volunteer?"

15. "Is there any reason you couldn't sit on this jury?"

At the conclusion of the individual voir dire, the Deputy will announce a short break to allow counsel to consider the jurors' responses. A total of six (6) strikes will be made. The parties will make alternating strikes with the plaintiff proceeding first. Each challenge is to be labeled (i.e. "P-1" is plaintiff's first challenge; "D-2" is defendant's second challenge). Those stricken jurors will be removed from the jury box. The remaining panel will be the jury selected for this trial.

When seating a jury panel, the first seven (7) names from the panel of 13 seated is the PRIMARY panel. This means that if any of the first seven (7) jurors are selected for this jury, they are to remain in their seats, with the remaining jurors to fill in the rest of the panel.

If, for example, jurors 1, 3, 5 & 8 are selected, as are jurors 10, 12 & 13, the panel will be seated in the following manner:
    Juror #1 remains juror #1.
    Juror #8 becomes juror #2.
    Juror #3 remains juror #3.
    Juror #10 becomes juror #4.
    Juror #5 remains juror #5.
    Juror #12 becomes juror #6.
    Juror #13 becomes juror #7.

Once the jury is seated in the jury box and the Judge is on the bench, but prior to the beginning of testimony, the Courtroom Deputy will administer to the jury the following oath:

> "Do each of you solemnly swear or affirm that you will well and truly try the matters in issue now on trial, and render a true verdict, according to the law and the evidence, and that you do so under the pains and penalties of perjury."

After the entire case has been presented to the jury and they prepare to deliberate on the issues presented, the Deputy Clerk will be sworn in as the Bailiff by the Law Clerk present, who will administer the following oath:

> "You do solemnly swear to keep this jury together in some private and convenient place, and not to permit any person to speak to, or communicate with them, nor to do so yourself unless by order of the court or to ask whether they have agreed on a verdict, and to return them into court when they have so agreed, or when ordered by the Court, so help you God."

BY THE COURT,

_____, J.
Hon. Gary L. Lancaster,
United States District Judge

Dated: September 21, 2006