```
 1          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2


 3   MUNIAUCTION, INC., t/d/b/a
     GRANT STREET GROUP, INC.,
 4           Plaintiff
        vs.              Civil Action 01-1003
 5
     THOMSON CORPORATION, t/d/b/a
 6   THOMSON FINANCIAL and/or
     THOMSON FINANCIAL MUNICIPALS
 7   GROUP and i-DEAL, LLC,
             Defendant.
 8
        Transcript of Jury Trial Proceedings on Thursday, October 5,
 9   2006, United States District Court, Pittsburgh, Pennsylvania,
     before Gary L. Lancaster, District Judge.
10   APPEARANCES:
     For the Plaintiff:      Raymond P. Niro, Esq.
11                           Sally J. Wiggins, Esq.
                             Douglas M. Hall, Esq.
12                           John Janka, Esq.
                             NIRO, SCAVONE, HALLER & NIRO
13


14   For the Defendants:     James L. Quarles, III, Esq.
                             William G. McElwain, Esq.
15                           C. Colin Rushing, Esq.
                             WILMER, CUTLER, PICKERING
16                            HALE & DORR


17


18
     Court Reporter:         Juliann A. Kienzle, RMR, CRR
19                           Fifth Floor USPO & Courthouse
                             700 Grant Street
```

20                       Pittsburgh, PA 15219
                         (412) 261-6122
21

22        Proceedings recorded by mechanical stenography;
    transcript produced by computer-aided transcription.
23

24

25

                                  2

 1  (Proceedings held in open court; Thursday, October 4, 2006.)

 2        THE CLERK:  Good morning, everybody.  It is now

 3  9:30 on Thursday, October 5th.  The jury in the case of

 4  MuniAuction versus Thomson Financial has been sent out and

 5  we're on the record just to establish the exhibits that will

 6  be sent to them for their review.

 7        Before we begin, I want to memorialize a directive

 8  from Judge Lancaster.  There were some exhibits that were

 9  introduced during the course of the trial, demonstrative in

10  nature.  At the Judge's direction, those exhibits and any

11  other exhibits that contain highlights, any sort of

12  highlighting, any sort of exhibits with titles across the top

13  have been removed and will not be sent to the jury for their

14  consideration.  That is at the direction of Judge Lancaster.

15          Counsel is understanding of that?

16          MR. QUARLES:  Yes, sir.

17          MS. WIGGINS:  Yes, sir.

18          THE CLERK:  The next thing I want to do is we have

19  a large number of exhibits.  Both sides have gone through the

20  lists.

21          Ms. Wiggins, on behalf of the plaintiffs, have you

22  reviewed the exhibits that defendants have produced?

23          MS. WIGGINS:  Yes, sir, I have.

24          THE COURT:  Is there any objection to the ones that

25  have gone back?

3

1           MS. WIGGINS:  No, sir.

2           THE CLERK:  Mr. Quarles, on behalf of the

3  defendants, have you reviewed the exhibits of the plaintiffs?

4           MR. QUARLES:  We have.

5           THE COURT:  Is there any objection to those that

6  have gone back?

7           MR. QUARLES:  None.

8           THE CLERK:  With that being said, the exhibits will

9  be introduced to the jury and we'll send it back for their

10  consideration.

11         MR. QUARLES:  There is no objection other than

12  those that have already been made and rejected.

13         THE CLERK:  Counsel, anything further?

14         MS. WIGGINS:  No.

15         MR. QUARLES:  No.

16         THE CLERK:  Thanks very much.  Thanks, everybody.

17     (Whereupon, there was a recess in the proceedings.)

18     (In-chambers telephone conference.)

19         THE COURT:  At approximately 11:10 a.m., I received

20  the following handwritten note.

21         "Dear Judge Lancaster, Page 38, Line 712.  What is

22  the minimum permissible measure of damages set by patent law

23  in this case?  Are you able to answer this?"

24         Signed, the foreperson.

25         Ms. Wiggins?

                                4


1         MS. WIGGINS:  Are you asking me to respond?

2         THE COURT:  Yes.

3         MS. WIGGINS:  I believe we have to ask the jury to

 4  go back and look at the jury instructions in their entirety.

 5  That sets forth that a reasonable royalty -- I think it's up

 6  to them to decide what the amount would be, if anything.

 7          THE COURT:  Mr. Quarles?

 8          MR. QUARLES:  I think the answer is the minimum

 9  permissible damages is a reasonable royalty and they were

10  given those numbers by the two experts.

11          THE COURT:  This is what I'm going to respond.

12          "As set forth at Lines 712 through 722, the minimum

13  permissible measure of damages is a reasonable royalty.  A

14  reasonable royalty is that amount which would have been agreed

15  to in a hypothetical negotiation between the parties, on the

16  assumption that the patent was valid and infringed.  I cannot

17  tell you a dollar figure that represents a reasonable royalty

18  in this case.  You are the ones who have to do this.  You

19  should consider all the facts, circumstances and evidence and

20  apply the legal standards found in Section 6.6 and 6.6.1 of

21  the jury instructions and arrive at what you believe to be a

22  reasonable royalty in this case.  If you, one, find for

23  plaintiff; and two, find that a reasonable royalty is the

24  appropriate measure of damages."

25       Ms. Wiggins?

5

1        MS. WIGGINS:  Your Honor, I think that's

2  appropriate.

3        THE COURT:  Mr. Quarles.

4        MR. QUARLES:  I think that's correct, Your Honor.

5        THE COURT:  That's what we'll send back.  Thanks.

6     (End of in-chambers discussion.)

7     (In-chambers discussion.)

8        THE COURT:  At 11:55, I received the following

9  handwritten question.  "If we find for the plaintiff and we

10  have awarded lost profits, are we able to award a royalty as

11  well?"

12       Ms. Wiggins?

13       MS. WIGGINS:  Your Honor, I would direct them to

14  the instruction that sets forth the -- or the verdict form.

15       THE COURT:  Mr. Quarles?

16       MR. QUARLES:  The answer, I think the answer is no.

17       THE COURT:  I'm going to respond as follows:  "No.

18  In this case, you will award either lost profits or a

19  reasonable royalty, not both."

20      Okay?

21      MS. WIGGINS:  Okay.

22      MR. QUARLES:  Thank you, Your Honor.

23      THE COURT:  All right.

24    (End of in-chambers discussion.)

25    (Open court.)

6

1      THE COURT:  Who is your foreperson?

2      Ma'am, I understand you've reached a verdict.

3      JURY FOREMAN:  We have.

4      THE COURT:  Hand it to Mr. Palus, please.

5      Mr. Palus, will you publish the verdict, please?

6      THE CLERK:  And now this 5th day of October 2006,

7  the jury empanelled in the case of MuniAuction, Inc. versus

8  Thomson Corporation, i-Deal, LLC, Civil Action No. 01-1003,

9  returns the following verdict:

10      Question:  Are the claims of the '099 patent

11  infringed?

12      As to Claim 1:  Infringed.

13      Claim 2:  Infringed.

14        Claim 9:  Infringed.

15        Claim 14:  Infringed.

16        Claim 18:  Infringed.

17        Claim 20:  Infringed.

18        Claim 24:  Infringed.

19        Claim 31:  Infringed.

20        Claim 32:  Infringed.

21        Claim 36:  Infringed.

22        Claim 40:  Infringed.

23        Claim 42:  Infringed.

24        Claim 46:  Infringed.

25        Claim 56:  Infringed.

7

1        Question:  Was Thomson's infringement of the '099

2  patent willful?

3        Answer:  Yes.

4        Question:  Are the infringed claims of the '099

5  patent invalid because the invention would have been obvious

6  at the time the invention was made?

7        As to Claim 1:  Not obvious.

8        Claim 2:  Not obvious.

9      Claim 9:  Not obvious.

10     Claim 14:  Not obvious.

11     Claim 18:  Not obvious.

12     Claim 20:  Not obvious.

13     Claim 24:  Not obvious.

14     Claim 31:  Not obvious.

15     Claim 32:  Not obvious.

16     Claim 36:  Not obvious.

17     Claim 40:  Not obvious.

18     Claim 42:  Not obvious.

19     Claim 46:  Not obvious.

20     Claim 56:  Not obvious.

21     Question:  What amount of lost profits damages, if

22  any, is MuniAuction entitled to?

23     Answer:  $38,482,008.00.

24     THE COURT:  Mr. Palus, will you poll the jury.

25     THE CLERK:  Juror No. 1, please stand.

8

1      Sir, is the verdict I've just read your verdict?

2      JUROR NO. 1:  Yes.

 3      THE CLERK:  Was it freely and voluntarily made?

 4      JUROR NO. 1:  Yes.

 5      THE CLERK:  Thank you, sir.  Please be seated.

 6      Juror No. 2, please stand.

 7      Ma'am, was the verdict I just read your verdict?

 8      JUROR NO. 2:  Yes.

 9      THE CLERK:  Was it freely and voluntarily made?

10      JUROR NO. 2:  Yes.

11      THE CLERK:  Thank you, ma'am.

12      Juror, No. 3, please stand.

13      Ma'am, was the verdict I've just read your verdict?

14      JUROR NO. 3:  Yes.

15      THE CLERK:  Was it freely and voluntarily made?

16      JUROR NO. 3:  Yes.

17      THE CLERK:  Thank you, ma'am.

18      Juror No. 4, please stand.

19      Ma'am, was the verdict I've just read your verdict?

20      JUROR NO. 4:  Yes.

21      THE CLERK:  Was it freely and voluntarily made?

22      JUROR NO. 4:  Yes.

23      THE CLERK:  Thank you, ma'am.

24      Juror No. 5, please stand.

25         Ma'am, was the verdict I've just read your verdict?

9

1          JUROR NO. 5:  Yes.

2          THE CLERK:  Was it freely and voluntarily made?

3          JUROR NO. 5:  Yes.

4          THE CLERK:  Thank you, ma'am.

5          Juror No. 6, please stand.

6          Juror No. 6, was the verdict I've just read your

7   verdict?

8          JUROR NO. 6:  Yes.

9          THE CLERK:  Was it freely and voluntarily made?

10          JUROR NO. 6:  Yes.

11          THE CLERK:  Thank you.

12          Your Honor, the jury has been polled.

13          THE COURT:  With that, we will close the record and

14   adjourn.  I'll meet with the jury in chambers.

15          (Court adjourned.)

16                     -----

17
                    C E R T I F I C A T E
18

19          I, Juliann A. Kienzle, certify that the
foregoing is a correct transcript from the record of proceedings
20   in the above-titled matter.

21   s/Juliann A. Kienzle
_____
22   Juliann A. Kienzle, RMR, CRR

23

24

25