IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUNIAUCTION, INC.<br>    Plaintiff,<br><br>v.<br><br>THOMSON CORP. and<br>I-DEAL, LLC,<br>    Defendants. | )<br>)<br>)<br>) Civil Action No. 01-1003<br>)<br>)<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster,                       August 17, 2007
District Judge

    This is a patent infringement case. On October 5, 2006, a jury found that defendants willfully infringed plaintiff's patent. On July 31, 2007, the court entered a permanent injunction against defendants' continued willful infringement. Defendants have moved to stay enforcement of the permanent injunction pending appeal to the United States Court of Appeals for the Federal Circuit [doc. no. 391]. For the reasons set forth below, the motion will be denied.

    We have the authority to stay the permanent injunction pursuant to Federal Rule of Civil Procedure 62(c).[1] In deciding whether to grant such relief, we are to consider four factors: (1) whether defendants have made a strong

---

[1] Defendants, as appellants, have also filed a motion with the court of appeals asking that court to stay our injunction. Fed. R. App. P. 8(a). The court of appeals has stayed our order pending resolution of the Rule 8 motion. That stay is temporary, and is not based on a consideration of the merits. Muniauction v. Thompson Corp., No. 2007-1485, Order at 2 (Fed. Cir. Aug. 2, 2007).

showing of a likelihood of success on the merits of the appeal; (2) whether defendants will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure plaintiff; and (4) how the public interest will be affected. Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987); Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991). We find that each of these factors weighs in favor of denying defendants' motion to stay.

We conclude, as we did just weeks ago in our July 31st opinion, that defendants have not made a particularly strong showing of a likelihood of success on the merits of their appeal. In the instant motion, defendants argue that they have a substantial chance of prevailing at the appellate level on two issues: (1) infringement by related parties; and (2) obviousness. Defendants opposed plaintiff's motion for a permanent injunction on these same grounds. We discussed the strength of defendants' position on these two issues at that time, the circumstances of which have not changed. Defendants' position becomes no stronger through repetition. We reiterate our prior finding that defendants do not have a significant likelihood of appellate success on either infringement or validity. Therefore, this factor weighs in favor of denying the motion to stay.

Likewise, we also considered the potential harms to defendants and to plaintiff in deciding whether to grant the permanent injunction in the first instance. In our prior opinion, we rejected defendants' assertion that they would have to cancel auctions if an injunction were to issue. Instead, based on defendants' own trial testimony, we found that various prior art methods of bid submission could be used while defendants developed and implemented a non-infringing system. Defendants have provided no argument or new evidence to rebut these previous findings. Again, repetition does not make defendants' position any stronger. The second factor weighs in favor of denying the motion for a stay.

The third factor also weighs in favor of denying the motion. According to defendants, the stay will not harm plaintiff because plaintiff did not seek injunctive relief until five years after it filed this case. Defendants do not advance any other argument regarding this factor. Defendants do not acknowledge the numerous harms to plaintiff that we identified in our July 31, 2007 opinion. Our discussion of these harms in the context of entering the permanent injunction is equally applicable to our consideration of whether staying the injunction would harm plaintiff. Upon incorporation of that discussion here, we find that factor

three also weighs in favor of denying the motion to stay.

Finally, for the same reasons that the public interest favored granting the motion for permanent injunctive relief, it also favors denying the motion to stay. Defendants rehash the same argument that they previously raised regarding the public interest. We rejected defendants' contention that auctions would have to be cancelled, and public projects abandoned, if the injunction were to issue in ruling on the motion for a permanent injunction. Again, as conceded by defendants themselves at trial, prior art methods and redesigned auction systems could replace New Parity almost immediately. This final factor weighs in favor of denying the motion for stay.

All four factors weigh in favor of denying the motion to stay. Thus, the motion is denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUNIAUCTION, INC.<br>      Plaintiff,<br><br>v.<br><br>THOMSON CORP. and<br>I-DEAL, LLC,<br>      Defendants. | )<br>)<br>)<br>) Civil Action No.  01-1003<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 17th day of August, 2007, IT IS HEREBY ORDERED that defendants' motion to stay [doc. no. 391] is DENIED.

BY THE COURT

/s/ G. L. Lancaster, J.

cc: All Counsel of Record

5