IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MUNIAUCTION, INC.,
    Plaintiff,

v.    Civil Action No. 01-1003

THOMSON CORP. and
I-DEAL, LLC,
    Defendants.

## MEMORANDUM and ORDER

Gary L. Lancaster,
U.S. District Judge    February 20, 2009

This is a patent infringement case. Following a jury trial, and post trial motions, the court entered judgment in favor of Muniauction in the amount of nearly $77 million. The court also entered a permanent injunction. Thomson promptly filed a notice of appeal with the Court of Appeals for the Federal Circuit. Thomson obtained a stay of enforcement of the $77 million judgment by posting security, in the form of a letter of credit. The permanent injunction remained enforceable pending appeal.

On appeal, the Court of Appeals for the Federal Circuit reversed-in-part and vacated-in-part this court's judgment. The court of appeals's order included the directive "Costs to Thomson." Following issuance of the mandate from the court of appeals, Thomson filed a Bill of Costs with this court's Clerk of Court. The Clerk taxed costs against Muniauction in the amount of $314,469.92.

Muniauction has filed a motion for review of the Clerk's taxation of costs [doc. no. 429]. Muniauction asks this court to

either deny Thomson's petition for costs entirely, or at least disallow all costs associated with the letter of credit. Muniauction claims that such action is warranted because: (1) Thomson succeeded on appeal by "happenstance"; (2) Thomson abused the claim construction process, was found liable for willful infringement, and abandoned its inequitable conduct claim; (3) Thomson made an "over-reaching demand" for more than half a million dollars in costs; and (4) the court of appeals did not enter an order specifically awarding the Letter of Credit costs [doc. no. 430 at pp. 1, 6].

We deny the motion, and affirm the Clerk's award of costs.

I. <u>LEGAL STANDARDS</u>

A. <u>Federal Rule of Civil Procedure 54</u>

Federal Rule of Civil Procedure 54 provides that "costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The costs capable of recoupment under Rule 54(d)(1) are listed in 28 U.S.C. § 1920. <u>In re Paoli R.R. Yard PCB Litig.</u>, 221 F.3d 449, 457 (3d Cir. 2000) (citing <u>Smith v. Southeastern Pa. Transp. Auth.</u>, 47 F.3d 97, 99 n.1 (3d Cir. 1995)). Section 1920 allows for the recovery of costs such as marshal fees, transcripts, witness fees, copying of materials, and interpreter expenses. 28 U.S.C. § 1920.

The clerk of court is charged with taxing costs under Rule

2

54, but "the [district] court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). The district court's review of the clerk's determination of costs is de novo. In re Paoli, 221 F.3d at 461. However, there is a "strong presumption" that costs are to be awarded to the prevailing party. Id. at 462. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." Id. at 462-63, 468.

The Court of Appeals for the Third Circuit [1] has stated that a district court may consider the following factors in reviewing a clerk's award of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." Id. at 468. In contrast, however, a district court may not consider "(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the

---

[1] Although this is a patent infringement case, falling under the appellate jurisdiction of the Court of Appeals for the Federal Circuit, that court ordinarily reviews procedural matters not unique to patent issues, including a petition for costs, under the law of the particular regional circuit court where appeals from the district court would normally lie. Summit Technology, Inc. v. Nidek Co., 435 F.3d 1371, 1374 (Fed. Cir. 2006).

3

complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties." Id.

B. <u>Federal Rule of Appellate Procedure 39</u>

Because this case was appealed, Federal Rule of Civil Procedure 54 is not the only rule under which costs may be taxed. Under Federal Rule of Appellate Procedure 39 certain costs incurred in pursuing an appeal may be recoverable. Fed. R. App. P. 39;<u>James v. Quinlan</u>, 886 F.2d 37, 39 (3d Cir. 1989). These costs include not only copying and printing costs for the appellate briefing, Rule 39(c), but also the cost of preparing and transmitting the record, the reporter's transcript, premiums paid for a bond pending appeal, and the notice of appeal filing fee, Rule 39(e).

The Rule 39(e) costs are taxable only "for the benefit of the party entitled to costs under this rule." Fed. R. App. P. 39(e). In turn, "the party entitled to costs" is determined by reference to subsection (a) of Rule 39. Subsection (a) lists various possible outcomes of an appeal, corresponding to the party that is liable for costs in each situation. Fed. R. App. P. 39(a). For instance, if the judgment is affirmed, costs are taxed to the appellant, and if the judgment is reversed, costs are taxed to the appellee. Fed. R. App. P. 39(a)(2)-(3). However, where the result of the appeal is not so clear cut, such as when the judgment is

4

affirmed in part, reversed in part, modified, or vacated, Rule 39(e) costs are taxed "only as the court orders." Fed. R. App. P. 39(a)(4).

II. <u>DISCUSSION</u>

On January 21, 2009, the Clerk of Court taxed costs against Muniauction in the amount of $314,469.92. As an initial matter, we review the award of costs for procedural errors. Then we consider Muniauction's argument that this court should exercise its discretion and deny the award due to Thomson's bad faith and abusive litigation tactics.

For the reasons that follow, we affirm the award of costs in all respects.

A. <u>Procedural Issues</u>

First, we consider those costs that the Clerk awarded under Federal Rule of Civil Procedure 54, and, in turn, 28 U.S.C. § 1920. Those costs include $11,974.02, for deposition transcripts, and $1,697.77, for witness fees and disbursements. These are appropriate cost categories under section 1920. 28 U.S.C. § 1920(2) and (3). Thomson also claimed fees for service of process executed by officials other than the United States Marshals, invoices for deposition transcripts or video deposition recordings that did not include the name of the deponent, receipts for cab fares that did

not include dates or witness names, and photocopying costs that were not ordered or approved by the court. Although these categories of expenses are proper under section 1920, the Clerk of Court correctly denied them because they were not appropriately supported or incurred. No party has challenged the Clerk's award in this regard. We find no procedural error in it.

Next, we consider the Clerk's award of $5,712.64 for printing costs related to the appellate briefing. The Clerk of Court for the Court of Appeals for the Federal Circuit taxed these costs after Thomson filed a Bill of Costs in that court. That Clerk reviewed the submission, excised items that were inappropriately claimed, and then explicitly included the above stated award in the mandate from the Court of Appeals. Our Clerk of Court included it in his taxation of costs. No party has challenged this aspect of the Clerk's award. We see no procedural error in it.

Finally, our Clerk of Court awarded Rule 39(e) costs consisting of $2,901.33 for the trial transcript, $455.00 for the notice of appeal filing fee, and $291,729.16 for expenses relating to the letter of credit.[2] Muniauction objects to the Clerk's award

---

[2] We reject outright Muniauction's contention that the Letter of Credit expenses are not recoverable because Rule 39(e)(3) refers only to expenses relating to bonds. Muniauction agreed to accept the Letter of Credit in lieu of a supersedeas bond [doc. no. 406 at p. 2]. Regardless, Muniauction has presented no evidence as to why, as a factual matter, we should disallow the Letter of Credit expenses, such as that they were unreasonably, or unexpectedly, expensive when compared to a supersedeas bond, or were improperly incurred.

of the Letter of Credit costs. Muniauction claims that the Clerk of this Court could not award such costs because only the Court of Appeals had the authority to do so in this case. We reject Muniauction's argument because there is no controlling case law supporting it and because it is contrary to the language and structure of the Federal Rules.

First, we review the language of the Federal Rules. Federal Rule of Appellate Procedure 39(a) is a "to whom" provision. It establishes which party is entitled to recover the costs of appeal. Fed. R. App. P. 39(a). Among those appellate costs are the Rule 39(e) costs, which "...are taxable in the district court for the benefit of the party entitled to costs under this rule" and include bond premiums. Fed. R. App. P. 39(e). Subsections 1, 2, and 3 of Rule 39(a) specifically list whether the appellant or the appellee is entitled to costs based on the outcome of the appeal. In contrast, subsection 4 requires the appellate court to decide which party is entitled to appellate costs, the outcome of the appeal being possibly unclear in such cases where a judgment is modified, vacated, or affirmed or reversed in part.

The Court of Appeals for the Federal Circuit's opinion in this matter reversed in part, and vacated in part our judgment. As such, this is a Rule 39(a)(4) case. Therefore, before Rule 39(e) costs can be awarded, the appellate court must have identified which party is entitled to the costs of appeal. In this case, the Court

of Appeals for the Federal Circuit explicitly identified Thomson as the party entitled to costs. We find that this is all that the appellate court is required to do under Rules 39(a)(4) and 39(e). Rule 39(e) states that such costs "are taxable in the district court for the benefit of the party entitled to costs under this rule" and makes no distinction between whether "the party entitled to costs" is determined automatically by operation of Rule 39(a)(1), (2), or (3), or by order of the appellate court under Rule 39(a)(4). As such, we find no support in the text or structure of Rule 39 for Muniauction's contention that in Rule 39(a)(4) cases only the appellate court has the authority to award Rule 39(e) costs.

Next, we review the case law that Muniauction has cited in support of its contention. Muniauction relies on two cases from the Court of Appeals for the Eleventh Circuit, one case from the Court of Appeals for the Eighth Circuit, and opinions from several United States District Courts in support of its argument that Thomson cannot recover Rule 39(e) costs in this case because the Court of Appeals for the Federal Circuit did not enter an order awarding them. Apart from having no precedential value to this court, most of these cases are readily distinguishable, or actually contradict Muniauction's argument.

For instance, the one case to which Muniauction cites from a court within the jurisdiction of the Court of Appeals for the Third Circuit is readily distinguishable because "[n]either order

from the Third Circuit Court of Appeals addresses costs." Tomasko v. Weinstock, 2008 WL 2962909 at *10 (M.D. Pa. Jul. 29, 2008). The Court of Appeals for the Eighth Circuit's opinion is distinguishable for the same reason. Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp., 497 F.3d 805, 808-10 (8th Cir. 2007). In Reeder, the appellate court had entered no order indicating which party was entitled to costs. Therefore, the district court could not award Rule 39(e) costs -- it had no way of knowing which party was entitled to them. Accord, Clark v. Capital Credit & Collection Services, Inc., 561 F.Supp.2d 1213, 1223-24 (D. Or. 2008) (in a Rule 39(a)(4) case, no Rule 39(e) costs could be awarded because the appellate court never entered an order indicating which party was entitled to costs); Sellers v. Peters, 2008 WL 1766585 at *1-2 (E.D. Mo. Apr. 14, 2008) (same). In contrast, in this case, we know which party to award Rule 39(e) costs to because the Court of Appeals for the Federal Circuit's order included the directive "Costs to Thomson."

The only other federal appellate court that Muniauction claims has ruled in favor of its position is the Court of Appeals for the Eleventh Circuit. However, the cases from that court are distinguishable as well. Campbell v. Rainbow City, 209 Fed. Appx. 873 (11th Cir. 2006) was a Rule 39(a)(3) case, not a Rule 39(a)(4) case, making it inapposite. Although Golden Door was a Rule 39(a)(4) case, it is distinguishable. Golden Door Jewelry

9

Creations, Inc. v. Lloyds Underwriters Non-Marine, Inc., 117 F.3d 1328 (11th Cir. 1997). In <u>Golden Door</u>, the appellate court issued a mandate awarding Lloyds "costs on appeal to be taxed by the Clerk of this [appellate] court." <u>Id</u>. at 1340-41. The court of appeals then affirmed the district court's denial of supersedeas bond premiums on the ground that the appellate court mandate did not specifically include such costs. <u>Id</u>. However, the court based its conclusion on the fact that the mandate directed the clerk of the <u>appellate</u> court to tax the appellate costs, thereby precluding the <u>district</u> court from awarding any costs whatsoever, whether under Rule 39(e), or otherwise. <u>Id</u>.

As such, we find no support in the Rules or in the case law for Muniauction's argument that only the appellate court may award Rule 39(e) costs in Rule 39(a)(4) cases. Therefore, we find that it was proper, from a procedural standpoint, for the Clerk of this court to award Rule 39(e) costs, including the Letter of Credit costs, to Thomson.

B. <u>Equitable Denial of Costs</u>

Muniauction also contends that, as a matter of equity, this court should exercise its discretion and deny costs entirely. According to Muniauction, Thomson should not be entitled to any costs because it acted in bad faith, engaged in dilatory tactics, and had unclean hands. Under the facts of this case, we cannot find

that Thomson's conduct, although at times less than ideal, rose to such a level as to warrant the denial of costs.

We agree with Muniauction's contention that costs are not mandatory under either Federal Rule of Civil Procedure 54, or Federal Rule of Appellate Procedure 39. Fed. R. Civ. P. 54(d)(1) ("costs... <u>should</u> be allowed"); Fed. R. App. P. 39 ("costs on appeal are tax<u>able</u>"); <u>In re Paoli</u>, 221 F.3d at 461 (as to Rule 54); <u>Campbell v. Rainbow City, Alabama</u>, 2006 WL 3450145 at *2 (11th Cir. 2006) (as to Rule 39 (collecting appellate cases)). In exercising our discretion, we may consider the following factors: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." <u>In re Paoli</u>, 221 F.3d at 468.

Muniauction relies only on the first factor, claiming that Thomson's abuse of the claim construction process, abandonment of an inequitable conduct claim, willful infringement, and over-reaching cost request justify a denial of costs.[3] As an initial matter, we do not consider the willful infringement factors, such

---

[3] Although Muniauction also claims that the award should be denied because Thomson won by "happenstance", we do not find this to be a valid factor for denial. In fact, it borders on consideration of the forbidden factor of "the complexity or closeness of the issues." <u>In re Paoli</u>, 221 F.3d at 468.

11

as purposeful copying, to warrant denial of the award. The Court of Appeals for the Federal Circuit has found that Thomson did not infringe Muniauction's patent. As such, any copying was permissible. Nor do we find Thomson's filing of the Bill of Costs, regardless of its size, to be evidence of unclean hands or bad faith. The Bill of Costs was supported by documentation, and although ambitious, was not frivolous on its face. Most importantly, it was ultimately granted, in part.

We also do not consider Thomson's conduct during the claim construction process to warrant denial of costs. While the court does not condone, nor appreciate, Thomson's behavior, a point we made clear in prior opinions, we must balance that behavior against our conclusion that Thomson's trial conduct was appropriate and professional. Moreover, although unfortunate, we note that Thomson's claim construction tactics fall within the norm for parties defending against allegations of patent infringement. Finally, Thomson's pursuit, then abandonment, of an inequitable conduct claim does not warrant denial of costs. Muniauction has presented no evidence that Thomson abandoned this claim as a result of improper motives, rather than as a litigation tactic based on the evidence admitted at trial.

In summary, Muniauction has provided this court with no evidence that Thomson pursued this case in bad faith, with unclean hands, or dilatory motives such that a denial of costs would be

warranted as a matter of equity. Therefore, we will not deny the award of costs on this basis.

III. CONCLUSION

For the foregoing reasons, we find no procedural errors in the Clerk's taxation of costs. Nor do we find it necessary to exercise our discretion in this case to deny any award of costs to Thomson. As such, we affirm the Clerk's taxation of costs in its entirety.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MUNIAUCTION, INC.,
    Plaintiff,

v().    Civil Action No. 01-1003

THOMSON CORP. and
I-DEAL, LLC,
    Defendants.

## ORDER

AND NOW, this 20th day of February, 2009, IT IS HEREBY ORDERED that costs will be taxed in the amount of $314,469.92 in favor of defendant, Thomson Corporation, and against defendant, Muniauction, Inc.

BY THE COURT,

_____, J.

cc: All Counsel of Record